596 A.2d 1185

**Andrew AUSTIN, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 12, 1991.

Decided Aug. 12, 1991.

Simon W. Tache, for petitioner.

Maribeth Wilt–Seibert, for respondent.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

CRAIG, President Judge.

Andrew Austin, claimant, appeals from an order of the Unemployment Compensation Board of Review denying the claimant benefits under §§ 401(a) and 404(c) of the Unemployment Compensation Law.[1] We affirm.

The issue in this case is whether Pennsylvania's Unemployment Compensation Law conflicts with a federal statute governing a seaman's union contract.

The facts as found by the referee are as follows. The claimant is a seaman who filed for benefits effective April 1, 1990, establishing a base year period which included the four quarters of 1989. The claimant's wages in the third quarter of 1989 were $10,277 and $2,043 in the fourth quarter of 1989. The claimant's total base year wages were $12,320.

The referee and board denied benefits to the claimant because § 401(a) prohibits compensation to claimants who

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 801(a), 804(c).

earn less than 20% of their total base year pay in one or more quarters of the base year. Section 401(a) of the Law states:

> Compensation shall be payable to any employe who is or becomes unemployed, and who—

> (a) Has, within his base year, been paid wages for employment as required by section 404(c) of this act: Provided, however, That not less than twenty per centum (20%) of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year.

In the fourth quarter of 1989, the claimant's wages clearly did not equal 20% of his total base year wages. Therefore, the board and referee denied benefits to the claimant.

To support the contention that § 401(a) of the Law conflicts with federal law, the claimant argues that his Seafarers International Union contract is adopted pursuant to the authority conferred upon the union by the Labor–Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 401–531 and establishes a maximum amount of time which a seaman can work, 120 days per year.

Although we start with an assumption that federal law could be supreme, we note that the claimant does not cite, nor can we find, any provision in 29 U.S.C. §§ 401–531 or 46 U.S.C. §§ 7101, 10313 or 11101 which directly imposes a limitation upon any quarter's earnings. The statutes essentially provide a labor-management structure, within which union contracts may be adopted.

Even if we focus upon the union contract (which, in itself, obviously could not override state law), the contract upon which the claimant relies does not support his position. The union agreement states:

> (9) The job circulation regulations may provide for requiring those possessing a seniority rating of Class "B" to

leave a vessel after no less than one hundred and twenty (120) days or one (1) round trip whichever is longer....

The union contract does not prevent a seaman from working more than 120 days per year as the claimant argues. The agreement states that the job circulation regulations *may* provide for seamen with a Class B rating to leave a vessel after no less than 120 days or one round trip, whichever is longer. In the present case, there is no evidence that the claimant's employer, pursuant to this discretionary power, forced the claimant to leave a vessel after 120 days.

Furthermore, the union contract does not in itself prohibit a seaman from working more than 120 days *a year;* at most, it limits a seaman's work on a particular vessel to 120 days or one round trip, whichever is longer. The temporal limits of the contract do not set a maximum number of workdays per calendar year or quarter; the contract relates to time per voyage and per vessel.

Accordingly, the decision of the board is affirmed.

SMITH, J., dissents.

### ORDER

NOW, August 12, 1991, the decision of the Unemployment Compensation Board of Review, No. B–284228, dated August 21, 1990, is affirmed.